

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00486-CR

BRIEN ARTHUR MASON                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1329319R

----------

## MEMORANDUM OPINION[1] AND ORDER

----------

Appellant Brien Arthur Mason pled guilty to violation of civil commitment requirements for sexually violent predators.  Tex. Health & Safety Code Ann. § 841.085 (West 2010).  A jury assessed his punishment at ten years' confinement and a $10,000 fine.  We affirm.

---

[1]See Tex. R. App. P. 47.4.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel asserts that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see Stafford v. State*, 813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991).[2] Appellant filed a pro se brief. The State did not submit a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *Stafford*, 813 S.W.2d at 511. When performing this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues Appellant raises in his pro se brief. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[2]Appellant's court-appointed counsel filed his *Anders* motion and brief before the issuance of *Kelly v. State* on June 25, 2014; accordingly, he did not— as *Kelly* recommended—provide Appellant with a pro se motion requesting access to the record. 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Instead, he instructed Appellant to contact this court if he wanted to review the record. By letter dated March 14, 2014, we asked the trial court to make the record available to Appellant. In his pro se brief, Appellant makes no complaint regarding not having access to the record.

We have carefully reviewed counsel's brief, Appellant's response, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 28, 2015